WATKINS, Judge.
This is a garnishment proceeding. Plaintiff, Houston J. Doucet, was the holder of a chattel mortgage on a horse in the amount of $2,000.00. He obtained a money judgment against Larry Wells and Suzanne Simmon Wells on the mortgage note in Acadia Parish which also recognized the chattel mortgage, the judgment being dated June 7, 1979. The present action is one to make that judgment executory and to obtain garnishment in East Baton Rouge Parish against Russ Mixon. Plaintiff alleges in his garnishment petition that the horse was in the possession of Mixon, who, it appears, was stabling the horse. Mixon contends that he has sold the horse to one Hughes in Mendenhall, Mississippi, for $2,500.00 on July 24,1979, and that plaintiff Doucet is not entitled to the proceeds of the sale because of the provisions of the Louisiana Abandoned Animals Act, LSA-R.S. 3:2451 et seq.
*669 The present matter arose on a rule to traverse Mixon’s answers in the garnishment proceeding. Plaintiff gives two reasons in his pleadings for traversing the answers. One is that the expenses given by the garnishee for feeding the animal in the amount of $2,659.35 were excessive. The second reason alleged is that garnishee did not respond by outlining in detail the actions that he took to comply with the Abandoned Animals Act. The sole issue considered by the trial judge in his written reasons for judgment was whether or not plaintiff’s rights as a chattel mortgagee primed the garnishee’s rights under the Abandoned Animals Act. He held that the garnishee’s rights under the Abandoned Animals Act primed the chattel mortgagee’s rights. We reverse. That issue does not appear to have been raised in the pleading bringing the rule to traverse the answers to the garnishment interrogatories. However, that issue was the sole issue considered on the trial on the rule, and the pleadings were clearly enlarged by the testimony on that issue, which was received without either counsel’s objection.
We will then pass on to the determination of whether or not the Abandoned Animals Act primes the chattel mortgage. We do not find that it does, as we find that the Abandoned Animals Act is inapplicable. We quote from the Abandoned Animals Act:
“Sec. 2452. Abandoned animals
A. An animal shall be considered abandoned when the owner thereof has not paid the charge for veterinarian services, including medical, or for boarding, within thirty days after rendition to the owner of the invoice for such services or boarding and no other agreement with the owner has been reached for the payment of such charge for services or boarding. The person to whom the charges are due may then give notice, as provided in R.S. 3:2453.
B. The owner of an abandoned animal shall be deemed to have relinquished all rights and claims to such animal by virtue of such abandonment, except as provided in R.S. 3:2454(B).
“Sec. 2453. Notice requirements; freedom from liability
A. The notice required in R.S. 3:2452(A) above shall be given to the owner of the animal or the owner’s agent at his last known address by registered mail or by certified mail, return receipt requested, and shall contain a statement that if the animal is not claimed within ten days after receipt of the notice, the animal may be sold, donated, turned over to the nearest humane society or dog pound, or otherwise disposed of as the person having custody of the animal may deem proper.
B. In the event that the notice described in R.S. 3:2453(A), above, cannot be delivered for any reason, or in the event that such notice is returned as ‘refused’, ‘addressee unknown’, ‘not at this address’, or other similar designation, then the person having custody of the animal shall cause to be published once in a newspaper of general circulation in the parish where such custodian is doing business, a notice directed to the owner of the animal or such owner’s authorized agent, stating that if the animal is not claimed within ten days after publication of the above described notice, the animal may be sold, donated, turned over to the nearest humane society or dog pound, or otherwise disposed of as the person having custody of the animal may deem proper.
C. The receipt of notice by the owner or his agent, or the publication, whichever is applicable, shall relieve the custodian of any liability for the sale, donation, euthanasia, or other disposal of the animal. “Sec. 2454. Sale or disposal of animal;
disposition of sale proceeds
A. If, in accordance with the notice, the animal is sold at public or private sale, the proceeds shall be applied to the amount, if any, due the custodian for any goods or services furnished to the animal, including all reasonable charges of notice, advertisement, and sale. The balance, if any, shall be paid to the owner of the animal, and the custodian shall retain the right to proceed against the owner for any deficiency.
*670 B. Prior to the time of sale of such animal or transfer thereof to the nearest humane society or dog pound, or other disposal thereof, any person claiming the right of property or possession of such animal may pay the amount necessary to satisfy the charges for services rendered to the animal, or on behalf of the animal, including all reasonable charges of notice, advertisement, and sale. Upon payment of this amount, the animal shall be delivered to the person making the demand, if he is entitled to possession. Otherwise the animal shall be retained according to the terms of the notice, and shall be sold, or otherwise disposed of.”
The Abandoned Animals Act does not apply for two reasons. The first is that it is intended to cut off the rights of the owner and makes no mention of cutting off the rights of a mortgagee. The second reason that it does not apply is that the rights of the owner to the proceeds of a sale of an abandoned animal, as opposed to the rights of the owner in the animal itself, are not cut off; rather they are expressly recognized, as is clearly established by LSA-R.S. 3:2454 A. Therefore, no question exists as to whether or not the Abandoned Animals Act primes the chattel mortgage in the strict sense of the word “prime”, because the Abandoned Animals Act does not apply to the facts of the present case; it does not deal with the rights of a mortgagee.
Accordingly, the judgment of the trial judge is reversed, and the matter remanded to the trial court for further proceedings not inconsistent with this opinion, all costs of this court and of the trial court to be assessed to the garnishee, Mixon.
REVERSED AND REMANDED.